IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID M. TUTTLE and BILLIE G. TUTTLE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CHASE HOME FINANCE, LLC, LENOX FINANCIAL MORTGAGE, LLC, LUNDBERG AND ASSOCIATES, RANDALL A. COVINGTON, HENRY M. PAULSON, JR., and MICHAEL B. MUKASEY,<br><br>　　　　Defendants. | Case No. 2:08-CV-574-DB<br><br>**REPORT AND RECOMMENDATION** |

　　　Before the court is a Motion to Dismiss (Docket Entry #6) filed by Defendant Chase Home Finance, LLC (hereafter "Chase") and a Motion for Judgment on the Pleadings (Docket Entry #9) filed by Defendant Lenox Financial Mortgage, LLC (hereafter "Lenox").  Chase seeks to have all of Plaintiffs' claims against it dismissed, claiming that (1) the Complaint was not properly served on Chase and (2) Plaintiffs' Complaint fails to state a claim against Chase upon which relief can be granted.  Lenox seeks a judgment on the pleadings by essentially joining in the arguments made by Chase in Chase's Motion to Dismiss.

Having carefully considered Chase's and Lenox's motions and the entire record before it, the court recommends that both defendants' motions be granted.

## BACKGROUND

On August 16, 2007, Plaintiffs signed a promissory note with Chase for a home equity loan in the principal amount of $300,000. (Docket Entry #2, Complaint, at 13.) Although it is not entirely clear from Plaintiffs' Complaint, it appears that Plaintiffs assert that Lenox was somehow involved in creating the terms of the Chase loan. (Docket Entry #2, at 20.) As Plaintiffs admit in their Complaint, they stopped making payments on the note in January 2008, after Plaintiff David Tuttle lost his job in October 2007. (Docket Entry #2, at 13.) In April 2008, Chase wrote Plaintiffs informing them of the alternatives to foreclosure. (Docket Entry #2, at 13; Docket Entry #7-2, at 13-14, Exhibit C.) When Plaintiffs did not respond, Chase initiated foreclosure proceedings. (Docket Entry #2, at 13.)

Plaintiffs then filed the instant action in the Fourth Judicial District Court of Utah and attempted to deliver their complaint to a Branch Manager of a "Chase Bank" in Orem, Utah. (Docket Entry #7-2, at 16, Exhibit D.)[1] To date, Plaintiffs have

---

[1] Chase explains in its Motion to Dismiss that the Orem bank branch Plaintiffs served is actually a part of the JP Morgan Chase Bank, N.A., not Chase, the named defendant in this matter. (Docket Entry #7, at 4.)

not filed any proof of service on Chase with the state or federal court.

Defendant Chase then removed this case to this court on August 1, 2008.  (Docket Entry #2.)  The case was assigned to United States District Judge Dee Benson, who referred the case to United States Chief Magistrate Judge Samuel Alba on August 13, 2008.  (Docket Entry #8.)

Defendant Chase filed a Motion to Dismiss on August 8, 2008. (Docket Entry #6.)  On September 25, 2008, Defendant Lenox filed its Motion for Judgment on the Pleadings.  (Docket Entry #9.)  On October 15, 2008, the court held a hearing on the matter and learned that Mr. Tuttle had filed his response to the Motion to Dismiss in state court.  The court instructed Mr. Tuttle to file his response in this court by October 17, 2008, and scheduled another hearing for October 27, 2008.[2]

Mr. Tuttle filed his response to the two motions on October 17, 2008.  (Docket Entry #16.)  The court then held another hearing on the two motions on October 27, 2008.  Defendant Chase presented its argument, upon which Defendant Lenox also relied. Plaintiff Mr. Tuttle simply told the court that he was relying on his pleadings.

---

[2]At the October 15, 2008 hearing, Mr. Tuttle presented the court with his Objections to Order Referring Case to Magistrate Judge.  (Docket Entry #13.)  Mr. Tuttle and the court discussed that pleading point by point.  Judge Benson denied Mr. Tuttle's Objections to Order Referring Case to Magistrate Judge on October 20, 2008.  (Docket Entry #15.)

**ANALYSIS**

The court first notes that the plaintiffs are proceeding *pro se*, and as such, the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, plaintiffs are still required to follow the same rules of procedure that govern other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). Further, the court will not assume the role of any litigant's attorney. *See id.*

Turning to Defendants Chase's and Lenox's arguments, although their arguments are similar, and although Lenox's motion is essentially a joinder of Chase's Motion to Dismiss, Lenox filed a responsive pleading before filing its Motion for Judgment on the Pleadings, putting the two defendants in a different procedural posture. As a result, the court first addresses Chase's Motion to Dismiss, and then addresses Lenox's Motion for Judgment on the Pleadings.

**A.   Chase's Motion to Dismiss**

The court recommends that Chase's motion be granted for the two reasons given by Chase: (1) Chase was not properly served with the Complaint and (2) Plaintiff's Complaint fails to state a claim against Chase upon which relief can be granted.

### 1. Insufficient Service of Process

First, Chase argues that Plaintiffs' Complaint must be dismissed for failure to properly serve Chase with the Complaint. *See* Fed. R. Civ. P. 12(b)(2) & (b)(5).

Defendant Chase is a domestic corporation. Thus, service on Chase must be completed "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Plaintiffs bear the burden of showing that they properly served Chase so this court can exercise personal jurisdiction. *See Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

The court has received no certificate of service or other proof that Chase, or any other defendant in this case, has been properly served.[3] Because Plaintiffs have not properly served Chase, their claims against Chase should be dismissed.

### 2. Failure to State a Claim

Second, Chase argues Plaintiffs' Complaint must be dismissed because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing a Rule

---

[3] In addition, as set forth above, Chase explains in its memorandum supporting its Motion to Dismiss that Plaintiffs attempted service on a branch of JP Morgan Chase Bank, N.A., located in Orem, Utah, which is a different corporate entity than Defendant, Chase Home Finance, LLC. Further, Chase asserts that Plaintiffs have not made any attempt to serve the proper Chase defendant against whom they are asserting claims. Plaintiffs have not responded to this assertion.

12(b)(6) motion, the court accepts all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  *See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).  "In reviewing the complaint, [the court] require[s] 'only enough facts to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The essence of Plaintiffs' allegations appears to be that the United States has been in bankruptcy since 1933, and paper dollars have no "intrinsic value," but rather only gold and silver coins are lawful currency.  As a result, Plaintiffs argue, Chase did not loan them anything of worth.  (Docket Entry #2, at 15-17.)  Plaintiffs claim that Chase failed to lend valuable consideration, that the loan was usurious, that Chase breached its contract by failing to loan real dollars, that it acted ultra vires, that the note is "indefinite," that the note is unconscionable, that Chase fraudulently induced Plaintiffs to contract by failing to "loan 'money' to Plaintiffs," and for Civil RICO violations by conspiring to "submerge the common people in a mountain of perpetual and unpayable debt."  (Docket Entry #2, at 17-26.)  Plaintiffs advance a "redemption theory," positing that they have a fictitious corporate entity which they can shed to remedy the "fractional reserves banking system" and

thereby force the government to return the property seized from Plaintiffs.  (Docket Entry #2, at 15-16.)[4]  Plaintiffs argue that the government has seized property from them.

This redemption theory, and similar theories, repeatedly have been dismissed by the courts as baseless and insufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  For example, courts around the country have repeatedly dismissed efforts to void loans based on similar assertions.  *See, e.g., Sneed v. Chase Home Finance, LLC*, Case No. 07CV0729, 2007 WL 1851674, at *3-4 (S.D. Cal. June 27, 2007) (dismissing complaint based on redemption theory and advising plaintiff her arguments were frivolous); *Copeland v. Ocwen Bank*, Case No. 06-14817, 2007 WL 496448, at *2-3 (E.D. Mich. Feb. 12, 2007) (dismissing plaintiff's complaint which sought to void a bank loan based on arguments that federal reserve notes are unlawful and that only gold and silver coins are lawful currency); *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 759-62 (W.D. Va. 2007) (rejecting plaintiff's claim that she tendered payment on a loan using methods advocated by redemption theorists); *Carrington v. Federal Nat'l Mortgage Assoc.*, Case No. 05-CV-73429, 2005 WL 3216226, at *2-3 (E.D. Mich. Nov. 29, 2005) (dismissing plaintiff's attempt to rescind a home loan based on

---

[4] A detailed description of the "redemption theory" is explained in Mark Pitcavage's article attached to Chase's memorandum in support of its Motion to Dismiss.  (Docket Entry #7-3, Exhibit E.)

arguments that only gold and silver coins are lawful currency as "fundamentally absurd and obviously frivolous"); *Beaner v. United States*, 361 F. Supp. 2d 1063, 1065-69 (D.S.D. 2005) (granting defendants' motion to dismiss plaintiffs' claim that their mortgage was void because they did not receive legal tender of gold or silver and ordering plaintiffs to pay sanctions for making frivolous arguments); *Rene v. Citibank, N.A.*, 32 F. Supp. 2d 539, 544-45 (E.D.N.Y. 1999) (dismissing the defaulting plaintiff's attempt to rescind a home loan based on its allegation that the lender had provided "illegal tender"); *Nixon v. Indiv. Head of Saint Joseph Mortgage Co.*, 615 F. Supp. 898, 899-901 (N.D.Ind. 1985) (dismissing the plaintiff's case to rescind his home loan based on plaintiff's argument that the loan was not backed by legal money and noting that his "arguments and claims [were] absurd" and "smack[ed] of bad faith").

Courts also have decided the same issues in cases that did not involve home loans. *See, e.g.*, *United States v. Greenstreet*, 912 F. Supp. 224, 229 (N.D. Tex. 1996) (rejecting as "irrational" the defendant's arguments that the U.S. went bankrupt in 1933, federal reserve notes are not legal tender, and only gold and silver coins are lawful currency).

Having carefully reviewed Plaintiffs' Complaint and Defendant's Motion to Dismiss, the court agrees with Chase's argument and the numerous cases around the country that have rejected Plaintiffs' redemption theory-based claims. This theory

appears to have no basis in law and, in fact, seems contradictory and rather absurd.  As a result, Plaintiffs' claims, which appear to be redemption-theory based, also lack the necessary support to be plausible on their face.

Mr. Tuttle, who is acting *pro se*, argues in his response to Chase's Motion to Dismiss that "[p]ro se . . . litigants cannot be dismissed for failing to state a claim upon which relief can be granted."  Mr. Tuttle cites to *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), as support for this argument.  The court has reviewed *Haines* and finds no support in that case for Mr. Tuttle's argument.  In *Haines*, the Supreme Court simply concluded that the allegations set forth by the *pro se* petitioner were sufficient to allow the petitioner an opportunity to offer supporting evidence.  *See Haines*, 404 U.S. at 520.  Although this court acknowledges, as did the Court in *Haines*, that *pro se* plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, the *Haines* Court still examined whether the case should be dismissed.  *See Haines*, 404 U.S. at 520-21 (citation omitted).  In that case the Court determined the case should move forward; the Court did not conclude that *pro se* litigants cannot be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

In conclusion, Plaintiffs' claims are based on theories that have been repeatedly rejected by courts around the country and that have no basis in the law.  Even if all well-pleaded

allegations in the Complaint are accepted as true and are construed in the light most favorable to Plaintiffs, Plaintiffs' Complaint fails to state a claim for relief that is plausible on its face.  As a result, the court recommends that Defendant Chase's Motion to Dismiss be granted and the case be dismissed against Defendant Chase with prejudice.

### B.  Lenox's Motion for Judgment on the Pleadings

The court next turns to Lenox's Motion for Judgment on the Pleadings.  According to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial."  Fed. R. Civ. P. 12(c).

Plaintiffs' allegations against Lenox appear to be limited to the theory that the Plaintiffs were fraudulently induced into agreement on the terms of the Chase loan.  As explained above, Plaintiffs' theory is that the United States has been in bankruptcy since 1933, thus rendering the paper dollar as having no "intrinsic value."  As such, according to Plaintiffs' theory, Chase's loan did not provide Plaintiffs with anything of value. (Docket Entry #2, at 13-17.)  Plaintiffs claim appears to be that, as a result of providing mortgage brokerage services, Lenox placed Plaintiffs in a position which allowed Chase to issue this purportedly worthless loan.  (Docket Entry #2, at 20.)

Because the court has rejected the claims against Chase, any claims that Lenox fraudulently induced Plaintiffs into entering a valueless loan with Chase also lack merit and must also be

10

dismissed. As a result, the court recommends that Lenox's Motion for Judgment on the Pleadings be granted and that the case against Lenox be dismissed with prejudice.

### C.   Other Defendants

Four other defendants remain in this case:  Lundberg and Associates, Attorney Interloper, Law Firm; Randall A. Covington, Public Trustee for Utah County, as Trustee; Henry M. Paulson, Jr., Secretary, United States Department of the Treasury; and Michael Mukasey, United States Attorney General, as Alien Property Custodian.

According to Defendant Chase's Notice of Removal, both Randall Covington and Lundberg and Associates have filed Motions to Quash Service before the state court, to which Plaintiffs have never responded.  (Docket Entry #2, at 4, n.1.)  Chase explained that Randall Covington also submitted to state court a Request to Submit for Decision and Proposed Order on July 28, 2008; however, this court has never received copies of any of these pleadings.

In any case, as stated above, the court has not received any certificate of service or any other proof of service as to any defendant in this case.

In addition, Plaintiffs' claims are so utterly lacking in merit that the court recommends that the case be dismissed as to all defendants.

**RECOMMENDATION**

Based on the above analysis, **IT IS RECOMMENDED** that the court:

(1)  **GRANT** Defendant Chase's Motion to Dismiss (**Docket Entry #6**) and **DISMISS** all claims as to Defendant Chase **WITH PREJUDICE**;

(2) **GRANT** Defendant Lenox's Motion for Judgment on the Pleadings (**Docket Entry #9**) and **DISMISS** all claims as to Defendant Lenox **WITH PREJUDICE;** and

(3) **DISMISS** all claims as to all other defendants in this case **WITH PREJUDICE** because Plaintiffs' claims completely lack merit.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 28th day of October, 2008.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge